IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Keith Russell Judd, | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Secretary of State of North Dakota, | ) | |
| State of North Dakota, | ) | |
| | ) | Case No. 1:11-cv-053 |
| Defendants. | ) | |

Plaintiff Keith Russell Judd ("Judd") is an inmate at the Federal Correctional Institution in Texarkana, Texas.[1] He sought to initiate the above entitled action without prepayment of fees on June 23, 2011, by lodging an application to proceed *in forma pauperis* along with a proposed complaint with the court. In his proposed complaint, he expressed his presidential aspirations and requested the court's assistance in getting on the State's primary ballot as a Democratic candidate for president. He further asserted that State restrictions on convicted felons right to vote were unconstitutional.

The undersigned screened Judd's pleadings as required by 28 U.S.C. § 1915A. Noting that three other districts had previously barred Judd's filings under the Prison Litigation Reform Act's "three strikes" provision,[2] the undersigned recommended that the court deny Judd's application to

---

[1] Judd is currently serving a 210–month sentence at the Texarkana Federal Correctional Institution in Texarkana, Texas, for two counts of mailing a threatening communication with the intent to extort money or something of value in violation of 18 U.S.C. § 876. See Judd v. U.S. Attorney General, 2011 WL 1374034, at *1 (D.Me. April 12, 2011).

[2] Upon searching available case law, the undersigned discovered that Judd: (1) had filed in excess of 748 cases in federal court since 1997; (2) had been sanctioned or restricted from filing in at least six courts, including: the United States Supreme Court, the Third Circuit, the Fifth Circuit, the Tenth Circuit, the United States Courts of Appeal for the District of Columbia, and the United States District Court for the District of Massachusetts; and (3) had been barred in three districts from filings under PLRA's "three strikes" provision set forth at 28 U.S.C. § 1915(g). See Judd v. State

1

proceed *in forma pauperis*. The undersigned further recommended that the court dismiss Judd's complaint on the grounds that his claims were patently frivolous. On July 18, 20122, the court entered an order adopting the undersigned's report and recommendation over Judd's objections and, in so doing, denied his application to proceed *in forma pauperis*, dismissed his complaint as frivolous, and further ordered that the dismissal of his complaint be deemed a strike in this district pursuant to 28 U.S.C. § 1915(g).

Judd filed a Notice of Appeal on September 22, 2011. When he failed to pay the requisite filing fee, Eighth Circuit dismissed his appeal for failure to prosecute.

On August 6, 2012, Judd filed a document with the court captioned "Motion for Relief from Judgement or Order Under Twenty Fourth Amendment; and Motion to Amend for Court Order to Register All Convicted and Incarcerated Felons to Vote in All Federal Elections and Caucuses and Democratic National Convention; and for Order to Remove Barack Obama from State's 2012 Presidential Primary Election Ballot/Caucus and Award All Delegates to Keith Judd, Democratic Presidential Candidate."

Federal Rule of Civil Procedure 60(b) allows the court to relieve a party from an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

Bd. Of Elections of Md., No. RDB–11–1447, 2011 WL 2413513, at *2 (D. Md. June 10, 2011) (slip opinion) (citing Judd v. U.S. Attorney Gen., 2011 WL 1374034, at *1 (D.Me. April 12, 2011); Judd v. U.S. District Court for the Western District of Tx., 528 U.S. 5, 5–6 (1999); In re Judd, 240 Fed. App'x 981, 982 (3d Cir.2007); Judd v. Fox, 289 Fed. App'x 795–96 (5th Cir.2008); Judd v. Univ. of N.M., 204 F.3d 1041 (10th Cir.2000); Judd v. United States, 2006 WL 1565084, at *1 (C.A.D.C. Feb. 14, 2006); Judd v. United States, 2010 WL 1904869, at *1 (D. Mass. May 5, 2010); Judd v. Fed. Election Comm'n, 2008 WL 2901643 (D.D.C. July 28, 2008); Judd v. Fed. Election Comm'n, 2007 WL 2900514 *1 (E.D.Texas Oct. 2, 2007); and Judd v. United States, 2005 WL 6112661, *1, (Fed. Cl. Dec 9, 2005)).

    (4)    the judgment is void;
    (5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6)    any oher reason that justifies relief.

Fed. R. Civ. P. 60(b).

In his motion, Judd does not assert any of above enumerated grounds for granting him relief or otherwise show exceptional circumstances warranting such relief. Rather, he reasserts the claims set forth in his proposed complaint and further asserts a challenge to President Obama's citizenship.

Rule 60(b) is "not a vehicle for simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Given Judd's failure to demonstrate the existence of any exceptional circumstances, the undersigned finds no basis for granting Judd the relief he seeks. Accordingly, the undersigned recommends that his motion (Docket No. 19) be **DENIED**.[3]

## NOTICE OF RIGHT TO FILE OBJECTION

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 13th day of August, 2012.

                                              */s/ Charles S. Miller, Jr.*

---

[3] The undersigned further questions the timeliness of Judd's motion. Fed. R. Civ. P. 60(c) states that "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." In determining whether the motion was brought within a reasonable time, courts look to " the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties. " Lemoge v. United States, 587 F.3d 1188, 1196–97 (9th Cir. 2009). Here, Judd filed his Rule 60(b) motion approximately three-hundred eighty seven days after the court entered its order denying his application to proceed *in forma pauperis.* Notably, he makes no effort to explain to the court why he waited more than a year to file it.

3

Charles S. Miller, Jr., Magistrate Judge
United States District Court